**So Ordered.**

**Dated: June 7th, 2017**



Frank L. Kurtz
Bankruptcy Judge

METINER G. KIMEL - State Bar No. 21280
KIMEL LAW OFFICES
205 N. 40th Ave., Ste 205
Yakima, WA  98908

Telephone: (509) 452-1115
Facsimile: (509) 965-5860

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: BRIAN R LUSK,<br><br>      Debtor, | Case No. 16-03214<br>Chapter 12<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH REGARD TO THE DEBTOR'S FIRST AMENDED CHAPTER 12 PLAN, AS MODIFIED** |

In re Lusk; 16-03214
Findings and Conclusions re: Confirmatoin

Kimel Law Offices
205 N. 40th Ave., Ste. 205
Yakima, WA  98908

1`

16-03214-FLK12     Doc 97     Filed 06/07/17     Entered 06/07/17 11:36:22     Pg 1 of 5

The matter of the hearing on confirmation of the Debtor's First Amended Chapter 12 Plan in the case of In re Brian Lusk, Case No. 16-3214, came before the Honorable Frank L. Kurtz on June 5, 2013 at 10:00 a.m..  Metiner G. Kimel, counsel for the Debtor appeared and Brian Lusk appeared on his own behalf. Other appearance are as noted in the record.

At the time of the hearing on confirmation of the Plan, the following papers, declarations and documents were before the Court:

| Exhibit | Name of Document | Docket no. |
|---|---|---|
| 1 | Minute Entry Re: Valuation Hearing. NOT HELD. STRICKEN. | 19 |
| 2 | Debtor's Chapter 12 Plan and Accompanying Documents (the "Plan") | 41 |
| 3 | Notice of Hearing on Debtor's Chapter 12 Plan. | 45 |
| 4 | Debtor's First Amended Chapter 12 Plan and Accompanying Documents (the "Plan") | 67 |
| 5 | Notice of Hearing ON Debtor's Chapter 12 Plan and Time to Object | 68 |
| 6 | Motion to Sell Property Fee and Clear of Liens: Parcel 14402 | 70 |
| 7 | Notice of Motion to Sell Free and Clear and Time to Object | 71 |
| 9 | Certificate of Service re: Motion to Sell Free and Clear of Liens | 72 |
| 10 | Amended Motion to Sell Property Fee and Clear of Liens: Parcel 14402 | 73 |
| 11 | Notice of Motion to Sell Free and Clear and Time to Object | 74 |
| 12 | Certificate of Service re: Motion to Sell Free and Clear of Liens | 75 |
| 13 | Declaration of Brian Lusk in Support of Confirmation of Chapter 12 Plan | 82 |
| 14 | **EX PARTE MODIFICATION TO DEBTOR'S FIRST** | 83 |

| | | **AMENDED CHAPTER 12 PLAN** (Modification of Plan – With Certificate of No Adverse Effect) | |
|---|---|---|---|
| | 15 | Trustee Confirmation Summary | 84 |
| | 16 | the Proposed Findings and Conclusions With Regard to Confirmation of Debtor's First Amended Chapter 12 as Modified | |

Based upon the above referenced pleadings, all additional pleadings filed in the case, and the testimony provided to the Court at the hearing on Confirmation, the Court now makes the following findings and conclusions:

1.   The Plan provides for the submission of all or such portion of the Debtor's future earnings or other income to the supervision and control of the trustee as necessary for the execution of the Plan, thereby satisfying the requirements of Bankruptcy Code §1222(a)(1).

2.   The Plan provides for full payment, in deferred cash payments, of all claims entitled to priority under section 507, thereby satisfying the requirements of Code §1222(a)(2).

3.   The Plan complies with Sections 1222(3) classification and contents of a plan in that the Plan appropriately places claim in the same class only if they are claims that are substantially similar to other claims or interests in the class.

4.   Article II of the Plan designates the classification of claims and interests

5.   Article II of the Plan designates the classes of claims.

6.   Article IV of the Plan specifies the treatment afforded to each of classes of claims and interests under the Plan.

7.   The Plan provides all Claims within the same class are receiving identical treatment unless the holder of a claim has agreed to less favorable treatment.  All members of each class are treated equally with respect to their class.

8.   As the Debtor does not have any child support obligations, Code § 1222(a)(4) is not applicable in the Debtor's case.

In re Lusk; 16-03214
Findings and Conclusions re: Confirmatoin

Kimel Law Offices
205 N. 40th Ave., Ste. 205
Yakima, WA  98908

3`

16-03214-FLK12    Doc 97    Filed 06/07/17    Entered 06/07/17 11:36:22    Pg 3 of 5

9.      Because the Plan satisfies the requirements of 11 U.S.C. §§ 1222 (a)(1),(2),(3), and (4), the Plan complies with the provisions of 11 U.S.C. § 1225(a)(1).

10.     Based upon the Declaration of Brian Lusk filed in support of confirmation of the Plan, his 2013 farm income comprised 82% of his gross income, his 2014 farm income comprised 82% of his gross income, and his 2015 farm income comprised 71% of his gross income.  Accordingly, the Debtor was eligible for Chapter 12 at the time that the bankruptcy case was filed.

11.     The filing fees in this case were paid as of the date that the case was filed, and therefore the requirements of Bankruptcy Code §1225(a)(2) have been satisfied.

12.     As there were no objections filed to the First Amended Plan, and since the Plan has addressed the prior objection of the IRS regarding the treatment of its claim, and as the Plan provides for payment of 100% of all allowed claims, both secured and unsecured, the Court finds that the Plan satisfies the good faith requirement of Code § 1225(a)(3).

13.     As of May 20, 2017, the total amount of Filed Claims that are general unsecured claims (Class 13 Claims) total approximately $64,000.00.  The Plan proposes to pay $66,000.00 on account of Class 13 claims over the five year term of the plan at a rate of $13,200.00 per year, starting with 2018.  As set forth under Section IX of the Plan, the Debtor believes that unsecured creditors would receive 100% of their Allowed Claims in a Chapter 7 proceeding.  Since the Plan proposes to pay more ($66,000.00), than the total Allowed Filed unsecured claims in the Case, the Plan satisfies Code § 1225(a)(4).

14.     As there has been no objections filed to the Plan, all secured creditors are deemed to have accepted the Plan, the Plan satisfies the requirement of Code § 1225(a)(5)..

15.     Based upon the budget projections attached as Exhibits 1 through 6 to the Lusk Declaration and the Amended Motion to Sell Property Fee and Clear of Liens: Parcel 14402 the Debtor satisfies the requirements of Bankruptcy Code §1225(a)(6) that he be able to make all payments under the plan and be able to comply with the plan. Bankruptcy Code §1225(a)(7) that

In re Lusk; 16-03214
Findings and Conclusions re: Confirmatoin

Kimel Law Offices
205 N. 40th Ave., Ste. 205
Yakima, WA  98908

4`

16-03214-FLK12      Doc 97      Filed 06/07/17      Entered 06/07/17 11:36:22      Pg 4 of 5

I be current on any domestic support obligations that "first become payable after the date of the fling of the petition."

16.     Based upon the Lusk Declaration that he owed no domestic support obligations, Bankruptcy Code §1225(a)(7) is satisfied or inapplicable in this Case.

17.     As there has been no objection from the Trustee or any unsecured creditor, Code § 1225(b) is not applicable to the case.

18.     The Ex Parte Modification To Debtor's First Amended Chapter 12 Plan (The Modification of Plan – With Certificate of No Adverse Effect) does only effects the Class 8 Secured Claim of HoJo, which has requested the modification, and therefore has no adverse effect as to any other creditors in the case.

These shall constitute the findings of fact and conclusions of law of the Court in accordance with Federal Bankruptcy Rule of Procedure 7052.

Presented by:
METINER G. KIMEL, counsel for the Debtor.